# EXHIBIT 3

Tim L. Johnson, CA Bar No. 265794
tim.johnson@ogletree.com
Nikolas T. Djordjevski, CA Bar No. 294728
nikolas.djordjevski@ogletree.com
Yousaf M. Jafri, CA Bar No. 314773
yousaf.jafri@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
4660 La Jolla Village Drive, Suite 900
San Diego, CA  92122
Telephone:     858-652-3100
Facsimile:     858-652-3101

Attorneys for Defendant VELOCITY
TRANSPORT LLC

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**06/27/2022** at 05:25:00 PM

Clerk of the Superior Court
By Emily Schilawski, Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| FRANCISCO LOPEZ, Individually and On Behalf of All Others Similarly Situated,<br><br>              Plaintiffs,<br><br>     vs.<br><br>VELOCITY TRANSPORT LLC; AMAZON.COM, LLC; AMAZON LOGISTICS, INC.; and Does 1 through 20, inclusive,<br><br>              Defendants. | Case No. 37-2022-0010284-CU-OE-CTL<br><br>**DEFENDANT VELOCITY TRANSPORT LLC'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>[Assigned for all purposes to The Honorable Joel R. Wohfeil, Dept. C-73]<br><br>Action Filed:      March 17, 2022<br>Trial Date:         None Set |

Defendant VELOCITY TRANSPORT LLC ("Defendant") hereby responds to the First Amended Class Action Complaint ("Complaint") filed by FRANCISCO LOPEZ ("Plaintiff"), individually and on behalf of all others similarly situated, as follows:

## ARBITRATION

**THE COURT LACKS JURISDICTION AND IS AN IMPROPER VENUE TO ADJUDICATE PLAINTIFF'S CLAIMS. PLAINTIFF AGREED TO BINDING, INDIVIDUAL ARBITRATION OF HIS CLAIMS. THE VALID ARBITRATION AGREEMENT DOES NOT PERMIT CLASS OR REPRESENTATIVE CLAIMS. DEFENDANT DEMANDS THAT THIS MATTER, IN WHOLE OR IN PART, BE SUBMITTED TO BINDING ARBITRATION PURSUANT TO A VALID ARBITRATION AGREEMENT ENTERED INTO BETWEEN THE PARTIES. DEFENDANT WILL FILE A STIPULATION SIGNED BY THE PARTIES' REPRESENTATIVES, OR ALTERNATIVELY A MOTION TO COMPEL ARBITRATION. DEFENDANT DOES NOT, BY FILING THIS PLEADING, WAIVE ANY RIGHT TO COMPEL BINDING ARBITRATION.**

## GENERAL DENIAL

Pursuant to Code of Civil Procedure Section 431.30(d), Defendant denies generally each and all of the allegations in the Complaint herein, including, but not limited to, that the Plaintiff is entitled to any of the relief requested, that Defendant has engaged in any wrongful or unlawful conduct, whether alleged or otherwise, and that Defendant's conduct or omissions caused any injury or damage to the Plaintiff or any members of any class that the Plaintiff purports to represent in the manner or amount alleged, to be alleged or otherwise, or at all.

Additionally, without admitting that it carries the burden of proof as to any of the issues raised thereby, Defendant asserts the following separate and independent defenses and prays for judgment as set forth below and further gives notice that it intends to rely upon such other and further defenses as may become available during discovery in this action and reserves the right to amend its Answer to assert any such defenses.

## DEFENSES

Without waiving or excusing the burden of proof on Plaintiff, or admitting that Defendant has any burden of proof, Defendant asserts the following defenses:

///

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff may not litigate this action in a judicial forum because Plaintiff and the persons Plaintiff seeks to represent are subject to mandatory, final, and binding arbitration agreements that do not permit them to bring claims in the Court or on a class, collective, or representative basis.

**SECOND AFFIRMATIVE DEFENSE**

This Court lacks jurisdiction and is an improper venue to adjudicate Plaintiff's claims. The parties entered into a valid and enforceable arbitration agreement.

**THIRD AFFIRMATIVE DEFENSE**

The Complaint, and each of its causes of action, fails to state facts sufficient to constitute any cause of action against Defendant upon which relief can be granted and/or fails to state a claim.

**FOURTH AFFIRMATIVE DEFENSE**

The Complaint, and each of its causes of action, is barred in whole or in part by all applicable statutes of limitation, including but not limited to Labor Code §§ 203 and 2699 *et seq.*; Code of Civil Procedure 335.1, 337, 338, 339, 340, and 343, including the statute of limitations applicable to Private Attorneys General Act ("PAGA") claims.

**FIFTH AFFIRMATIVE DEFENSE**

The Complaint, and each of its causes of action, is barred by the doctrine of *res judicata* and collateral estoppel.

**SIXTH AFFIRMATIVE DEFENSE**

The Complaint, and each of its causes of action, is barred in whole or in part because Plaintiff has waived or released the right, if any, to pursue the Complaint, and each of its causes of action, by way of his own actions and course of conduct.

**SEVENTH AFFIRMATIVE DEFENSE**

The Complaint, and each of its causes of action, is barred in whole or in part because Plaintiff is estopped from pursuing the Complaint and each of its causes of action by way of his actions and course of conduct.

/ / /

/ / /

**EIGHTH AFFIRMATIVE DEFENSE**

The Complaint, and each of its causes of action, is barred in whole or in part by the doctrine of laches.

**NINTH AFFIRMATIVE DEFENSE**

The Complaint, and each of its causes of action, is barred in whole or in part by the doctrine of unclean hands.

**TENTH AFFIRMATIVE DEFENSE**

The Complaint, and each of its causes of action, is barred in whole or in part, to the extent Defendant did not employ Plaintiff and/or the employees he seeks to represent.

**ELEVENTH AFFIRMATIVE DEFENSE**

The Complaint, and each of its causes of action, and its requests for any award and/or penalties, is barred in whole or in part, because at all times, Defendant was acting in good faith and had reasonable grounds for believing its actions did not violate the law, it paid Plaintiff and the employees he seeks to represent for all hours worked, and any failure to comply with the compensation provisions of the California Labor Code or the applicable Wage Order(s), which Defendant denies, was not knowing or intentional, but rather was done in good faith and with reasonable grounds.

**TWELFTH AFFIRMATIVE DEFENSE**

The Complaint, and each of its causes of action, is barred in whole or in part because any loss, injury, damage, or detriment alleged in the Complaint resulted from the acts or omissions of Plaintiff, and was not due to any action or omission of Defendant.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The Complaint, and each of its causes of action, is barred in whole or in part by Plaintiff's failure to comply with employee obligations and pertinent duties under California Labor Code, including but not limited to Labor Code §§ 2854, 2856-2859, 2922, and 2924.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims premised on a failure to pay wages, including minimum and overtime wages, are barred because Plaintiff was paid all wages owed in accordance with the law.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims premised on a failure to pay wages, including minimum and overtime wages, are barred if the wages Plaintiff seeks to recover are *de minimis*.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims premised on a failure to pay wages, including minimum and overtime wages, are barred if Plaintiff seeks to recover wages for work not performed primarily to benefit Defendant.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims premised on a failure to pay wages, including minimum and overtime wages, are barred if Plaintiff seeks to recover wages for work that Defendant did not suffer or permit Plaintiff to perform, or that was not performed while under the direction and control of Defendant.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims premised on a failure to pay wages, including minimum and overtime wages, are barred if Plaintiff worked without Defendant's actual or constructive knowledge.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims premised on a failure to provide meal and rest periods are barred because Plaintiff was provided meal and rest periods in accordance with the law; Plaintiff did not have to work during any meal or rest period; and any failure by Plaintiff to take a meal or rest period was due to his own election and not any acts or omissions by Defendant.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiff's claims premised on a failure to provide meal and rest periods are barred if Plaintiff consented to the waiver of his meal and rest periods.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

To the extent Plaintiff seeks civil penalties under PAGA for alleged meal and rest period violations for the same working day, or for more than one meal or rest period violation in a single working day, Plaintiff's claims are barred because such wages and/or penalties are duplicative and improper.

/ / /

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims premised on a failure to provide meal and rest periods will not support an award of unpaid wages, or any other recovery based on an award of unpaid wages, because an action under Labor Code § 226.7 is not an action to recover unpaid wages. (*Kirby v. Immoos Fire Protection, Inc.*, 53 Cal. 4th 1244 (2012); *Jones v. Spherion Staffing LLC*, 2012 U.S. Dist. LEXIS 112396, at *21-26 (C.D. Cal. Aug. 7, 2012).)

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims premised on a failure to provide meal and rest periods are barred because Plaintiff was authorized and permitted to take meal and rest periods as required by the applicable Wage Order of the Industrial Welfare Commission and any other applicable laws.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims premised on unpaid sick pay are barred based on the exclusivity provisions of the California Workers' Compensation Act.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims premised on a failure to provide accurate written wage statements are barred because Defendant did not knowingly or intentionally fail to provide accurate wage statements; and its failure, if any, to provide such wage statements was inadvertent or due to clerical error.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims premised on a failure to provide accurate written wage statements are barred because Plaintiff has suffered no actual injury from the alleged failure to provide accurate written wage statements.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims premised on a failure to provide accurate written wage statements are barred because the wage statements issued accurately reflect the information required by Labor Code §§ 226(a) and/or 246(i).

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff was paid all wages due on a timely basis, including all minimum and overtime wages.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims premised on a failure to pay timely all wages due at termination are barred because there was no willful failure to pay Plaintiff's final wages due at termination.

### THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims premised on a failure to pay timely all wages due at termination, or otherwise, are barred because at the time of termination Defendant had a good-faith belief, based in fact and law, that all wages earned by Plaintiff were being paid timely, and that no other wages were due to Plaintiff.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims premised on a failure to pay timely all wages due at termination, or otherwise, are barred because Plaintiff avoided or refused payment when fully tendered.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim premised on Labor Code section 204 fails because that statutory provision carries no private right of action.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claim for penalties for failure to maintain records as required by the Labor Code are barred because Defendant retains accurate and complete records as required under state, federal, and/or local laws.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims premised on a failure to provide expense reimbursements fail because the expenses which Plaintiff claims were not properly reimbursed were not reasonably necessary to incur nor required by Defendant.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims premised on a failure to provide expense reimbursements fail because Defendant did not know or have reason to know that such expenses were being incurred.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims premised on a failure to provide expense reimbursements are barred if Plaintiff seeks to recover expenses not incurred primarily to benefit Defendant.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff seeks civil penalties under PAGA for alleged meal and rest period violations for the same working day, or for more than one meal or rest period violation in a single working day, Plaintiff's claims are barred because such wages and/or penalties are duplicative and improper.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for PAGA penalties are barred if the Labor Code sections under which Plaintiff seeks recovery do not give rise to civil penalties under PAGA.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for PAGA penalties are barred because Plaintiff is not an aggrieved employee.

**FORTIETH AFFIRMATIVE DEFENSE**

Plaintiff's claims for PAGA penalties are barred because Plaintiff has failed to satisfy and cannot satisfy the requirements of Labor Code § 2699.3 before bringing his claim for penalties under PAGA.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims for PAGA penalties are barred because Plaintiff did not timely exhaust his administrative remedies as required or otherwise failed to comply with all the statutory prerequisites to bringing suit under PAGA.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiff lacks standing to seek the relief in the Complaint because he have not suffered any injury in fact, has not lost money or property, and is not a member of the class and/or group he seeks to represent.

**FORTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims for PAGA penalties are barred because the recovery of penalties under PAGA is unconstitutional under the separation of powers doctrine under the Constitution of the State of California, including but not limited to the separation of powers of the executive branch of government and the separation of powers of the judicial branch of government.

#### FORTY-FOURTH AFFIRMATIVE DEFENSE

Any award of penalties that otherwise could be made under PAGA must not be made, or must be made in a lesser amount, under Labor Code § 2699(e)(2).

#### FORTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's class claims and representative claims for PAGA penalties are barred because Plaintiff's claims are not manageable, or would otherwise fail to satisfy the standards applicable to class or representative PAGA claims. (See, e.g., *Brown v. Am. Airlines, Inc.*, 2015 WL 6735217, at *3-4 (C.D. Cal. Oct. 5, 2015); *Ortiz v. CVS Caremark Corp.,* 2014 WL 1117614, at *3-4 (N.D. Cal. Mar. 19, 2014).

#### FORTY-SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks the recovery of wages under PAGA, Plaintiff's claims for PAGA penalties are barred because the recovery of such wages are not civil penalties, and are not recoverable as a matter of law. *See ZB, N.A. v. Superior Court* (2019) 8 Cal.5th 175, 185.

#### FORTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any civil penalty award because, at all times relevant to the Complaint, any failure to comply with the compensation provisions of the Labor Code or the applicable Wage Order, which Defendant denies, was not knowing or intentional, but rather was done in good faith and with reasonable grounds.

#### FORTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any civil penalty award because there is a good-faith dispute as to Defendant's obligation to pay any wages, expenses, or penalty that may be found to be due.

#### FORTY-NINTH AFFIRMATIVE DEFENSE

Recovery of civil penalties is barred if the accumulation of penalties would be so disproportionate to the harm alleged to violate due process under the Constitutions of the United States and the State of California.

#### FIFTIETH AFFIRMATIVE DEFENSE

The Complaint and each of its causes of action is barred in whole or in part because any recovery from Defendant would result in Plaintiff's unjust enrichment.

DEFENDANT VELOCITY TRANSPORT LLC'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT

**FIFTY-FIRST AFFIRMATIVE DEFENSE**

Any liability to each member of the proposed class or representative PAGA group may not be determined by a single fact-finder or on a group-wide basis, and therefore allowing this action to proceed as a class or representative action violates Defendant's rights to due process.

**FIFTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiff is barred from pursuing group-wide relief to the extent he is not a member of the proposed representative group and/or lacks cognizable claims for injuries he alleges were sustained by the proposed representative group, or otherwise lacks standing to seek relief on behalf of absent group members.

**FIFTY-THIRD AFFIRMATIVE DEFENSE**

Imposition of any civil penalty award against Defendant would be unjust, arbitrary and capricious, and confiscatory.

**FIFTY-FOURTH AFFIRMATIVE DEFENSE**

Defendant's business actions or practices were not unfair, unlawful, misleading, fraudulent or deceptive within the meaning of Business and Professions Code §§ 17200, *et seq*.

**FIFTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for unfair business practices are barred because Defendant at all applicable times exercised reasonable business judgment.

**FIFTY-SIXTH AFFIRMATIVE DEFENSE**

Any finding of liability under California Business and Professions Code section 17200, *et seq*., would violate the Due Process and Equal Protection Clauses of the United States and California Constitutions because the standards of liability under California's Unfair Competition Law are unduly vague and subjective.

**FIFTY-SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for unfair business practices or injunctive and/or declaratory relief are barred because he has adequate remedies at law for the alleged violations, and the requirements for equitable relief have not been met.

/ / /

**FIFTY-EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for unfair business practices are barred because he has suffered no injury-in-fact because of any alleged violation of California's Unfair Competition law.

**FIFTY-NINTH AFFIRMATIVE DEFENSE**

The claims alleged by Plaintiff on behalf of himself and members of the putative class are neither common to nor typical of those, if any, of the group of employees they seek to represent.

**SIXTIETH AFFIRMATIVE DEFENSE**

The claims alleged by Plaintiff on behalf of himself and members of the putative class are matters in which individual questions predominate and lack commonality, and accordingly, are not appropriate for class treatment.

**SIXTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiff and/or his counsel are inadequate representatives of the putative class they seek to represent.

**SIXTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiff has not shown and cannot show that class treatment of the claims alleged in the Complaint is superior to other methods of adjudicating the controversy.

**SIXTY-THIRD AFFIRMATIVE DEFENSE**

Recovery of interest and attorneys' fees or costs is barred to the extent that such amounts are based on the recovery under provisions which do not provide for such fees or costs.

**SIXTY-FOURTH AFFIRMATIVE DEFENSE**

The Complaint is barred, in whole or in part, to the extent Plaintiff and/or members of the proposed class and representative group have executed agreements, releases, and/or settlements releasing or waiving the claims set forth in the Complaint.

**SIXTY-FIFTH AFFIRMATIVE DEFENSE**

The Complaint is barred, in whole or in part, to the extent Plaintiff and the employees he seeks to represent have received and accepted payment of any of the amounts they now claim.

/ / /

/ / /

## SIXTY-SIXTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because Plaintiff's class, as defined, is not readily ascertainable.

## SIXTY-SEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff owes money to Defendant, Defendant is entitled to offset or recoup such amounts against any damages awarded.

## SIXTY-EIGHTH AFFIRMATIVE DEFENSE

This putative class action may not be litigated in a judicial forum because Plaintiff and the employees he seeks to represent are subject to mandatory, final, and binding arbitration agreements.

## SIXTY-NINTH AFFIRMATIVE DEFENSE

In the event that any class or representative group should be certified or otherwise allowed to proceed in this matter, Defendant incorporates by reference, and re-alleges as to the causes of action of each member of that class or representative group, all of the defenses as set forth above.

## RESERVATION OF RIGHTS

Defendant gives notice it intends to rely upon such other and further affirmative defenses as may become available during discovery in this action and reserves the right to amend its Answer to assert any such defenses. The pleading of a defense as an affirmative defense is not an admission or acknowledgement that Defendant bears the burden of proof on such defense, or waiver of any argument that Plaintiff bears such burden.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## RELIEF REQUESTED

WHEREFORE, Defendant requests as follows:

1. That Plaintiff take nothing by the Complaint;
2. That the Court deny Plaintiff's request to proceed on a class and/or representative basis;
3. That the Complaint be dismissed in its entirety with prejudice;
4. That Defendant recover its costs of suit herein, including reasonable attorney fees; and
5. That the Court award such other and further relief as it deems appropriate.

## JURY DEMAND

Defendant demands trial by jury on all issues, if any, triable to a jury.

DATED: June 27, 2022

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: _____
Tim L. Johnson
Nikolas T. Djordjevski
Yousaf M. Jafri

Attorneys for Defendant VELOCITY TRANSPORT LLC

**PROOF OF SERVICE**
*Lopez v. Velocity Transport LLC, et al.*
Case No. 37-2022-00010284-CU-OE-CTL

  I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of San Diego, in the office of a member of the bar of this court at whose direction the service was made. My business address is 4660 La Jolla Village Drive, Suite 900, San Diego, CA 92122.

  On June 27, 2022, I served the following document(s):

**DEFENDANT VELOCITY TRANSPORT LLC'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the attached mailing list.

☒   **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐   **BY MAIL:** I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid at 4660 La Jolla Village Drive, Suite 900, San Diego, CA 92122.

☐   **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., San Diego, California. I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐   **BY FACSIMILE** by transmitting a facsimile transmission a copy of said document(s) to the following addressee(s) at the following number(s), in accordance with:

   ☐   the written confirmation of counsel in this action:

   ☐   [State Court motion, opposition or reply only] Code of Civil Procedure section 1005(b):

   ☐   [Federal Court] the written confirmation of counsel in this action and order of the court:

☐   **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person[s] at the e-mail addresses listed on the attached

service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Addressee(s)

BLANCHARD, KRASNER & FRENCH
David C. Hawkes
dhawkes@bkflaw.com
800 Silverado St., 2nd Floor
La Jolla, CA 92037
Telephone: (858) 551-2440
Facsimile: (858) 614-7008

LAW OFFICE OF DAVID A. HUCH
David A. Huch
david.a.huch@gmail.com
12223 Highland Ave., Ste. 106-574
Rancho Cucamonga, CA 91739
Telephone: (909) 463-6363
Facsimile: (909) 614-7008

Attorneys for Plaintiff, FRANCISCO LOPEZ

Rita M. Leong
WILSON TURNER KOSMO LLP
402 West Broadway, Suite 1600
San Diego, CA 92101
Ph: 619-236-9600
Fax: 619-236-9669
releong@wilsonturnerkosmo.com

Attorneys for Defendant Amazon Logistics, Inc. and Amazon.com, LLC

☒ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ (Federal) I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on June 27, 2022, at San Diego, California.

Alicia Martinez
alicia.martinez@ogletree.com

Type or Print Name                                          Signature